772 So.2d 266 (2000)
John M. deBEN, Jr.
v.
BOBBY COLLINS SEAFOOD, INC., Robert J. Collins, Jr., Willingham Construction Co., Inc., Gary Williingham, ABC Insurance Company, and DEF Insurance Company.
No. 00-CA-306.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
*267 Wayne C. Guidry, Law Office of Lawrence Roe Dodd, Baton Rouge, Henrik A. Pontoppidan, New Orleans, Louisiana, Counsel for defendants-appellees.
Ernest N. Souhlas, The Souhlas Law Firm, Covington, Louisiana, Counsel for plaintiff-appellant.
Court composed of Judges EDWARD A. DUFRESNE, Jr., JAMES C. GULOTTA and H. CHARLES GAUDIN, JJ. Pro Tem.
H. CHARLES GAUDIN, Judge Pro Tem.
John deBen, Jr. appeals a judgment of the district court granting an Exception of No Right of Action. At issue here is whether a private individual can sue for damages to immovable property owned by a corporation. A trial judge in Jefferson Parish said no. We affirm.
On July 21, 1995, deBen filed a petition for damages against Bobby Collins Seafood, Inc., Robert J. Collins, Jr., Willingham Construction Company, Inc., Gary Willingham and the insurers of these defendants. deBen alleged that during the week of July 25, 1994 through August 3, 1994, the Willingham defendants illegally moored a pile-driving spud barge owned by the Collins defendants to his wharf and that the barge broke loose, damaging 25 pilings belonging to deBen.
Ultimately the defendants filed an Exception of No Right of Action, contending that deBen was not the owner of the property in question. It was alleged that title to the damaged property vested in a corporation, Management Consultants, Inc. The plaintiff filed an amending petition saying that while Management Consultants owns the lot on which the improvements, including the piers and pilings, are located, he owned the improvements individually.
To this amending petition defendants filed additional Exceptions of No Cause and/or No Right of Action and An Exception of Prescription. The exceptions were submitted on memos.
On the morning of trial on the merits, the court granted the Exception of No Right of Action without taking witnesses or further evidence. From this judgment plaintiff appeals, urging that the trial court erred in finding that he has no right of action and that the court erred in refusing to allow him to offer proof on the morning of trial in response to the pending exceptions.
The record discloses that the exceptions were submitted and taken under advisement. The decision to hold open or *268 reopen a case for the production of additional evidence rests within the discretion of the trial judge. See LSA-C.C.P. articles 1631 and 1632; also, Harrison v. South Central Bell Telephone Co., 390 So.2d 219 (La.App. 3d Cir.1980), writs denied at 396 So.2d 900 (La.1981), and Harris v. West Carroll Parish School Bd., 605 So.2d 610, (La.App. 2 Cir.1992). In the instant case, we find no abuse of discretion.
LSA-C.C.P. art. 694 states that an agent can sue to enforce a right of his principal. However, we are unaware of any procedural article or jurisprudence saying that an agent, even if specifically authorized to file suit on behalf of a corporation, can institute and then proceed in litigation for damages inflicted on an immovable physical asset of the corporation without naming the corporation as a party plaintiff. At no time here was Management Consultants, Inc., a party plaintiff.
Because deBen has no right of action, we need not address the issue of prescription. The trial court judgment is affirmed with plaintiff to pay costs of this appeal.
AFFIRMED.