820 So.2d 1252 (2002)
Daniel B. BOLNER, Jr. and Mudbug Plumbing,
v.
DAIMLER CHRYSLER CORPORATION d/b/a Dodge and Lamarque Dodge, Inc.
No. 01-CA-1285.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 2002.
Rehearing Denied July 29, 2002.
*1253 Salvatore G. Lovecchio, Boutte, LA, for plaintiffs-appellants.
William F. Bologna, Jr., Julien F. Jurgens, New Orleans, LA, for defendants-appellees.
Court composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
McMANUS, Judge.

STATEMENT OF THE CASE
In August 1999, Daniel Bolner filed an action for redhibition based on an alleged defect in the vehicle he purchased from defendants, Daimler Chrysler Corp. d/b/a/ Dodge and Lamargue Dodge, Inc. Defendants obtained an extension of time to answer the petition. Before the defendants answered, Bolner filed an amended petition adding Mudbug Plumbing, Inc. as a plaintiff. Plaintiffs counsel at the time did not request service, but, according to the certificate of service, counsel sent a copy via certified mail to the defendants. Defendants then filed an answer to the original petition. Thereafter, the parties proceeded with discover.
On February 13, 2001, the deposition of Daniel Bolner was taken. Bolner stated in his deposition that the vehicle was owned by Mudbug Plumbing, Inc. Defendants filed an exception of no right of action, exceptions of insufficiency of service and citation, an exception of prescription and alternatively, a motion to dismiss. Defendants argued that Bolner was not the proper party plaintiff because the vehicle was owned by Mudbug Plumbing, Inc. and that the amended petition adding Mudbug Plumbing, Inc. as a plaintiff was ineffective because service was not requested within 90 days of filing. The trial court found that the plaintiff had no ownership interest in the vehicle and that the amended petition *1254 was not properly served on defendant. Therefore, the trial court entered a judgment of involuntary dismissal of all claims based on La. C.C.P. art. 1672(c) because there was no service of the amending petition.
Bolner filed this appeal asserting that the trial court erred in not finding that the defendants had waived their declinatory exceptions of insufficiency of service of process and citation. Further, Bolner asserts that the trial court erred in finding that Bolner, individually, does not have a right of action.

DISCUSSION
Louisiana Code of Civil Procedure article 1201(c) provides that service of a supplemental or amended petition must be requested within 90 days of filing of the petition. On appeal, Bolner argues that the defendants actions in answering and participating in litigation constituted a waiver of the declinatory exception of insufficiency of service of process. However, the defendant only filed an answer to the original petition and not the amended petition. Further, the defendants appearances and participation in litigation were based on the allegations of the original petition and do not apply to the amended petition. Even if the defendant was aware of the amended petition, La. C.C.P. art. 1201(c) still requires that service be requested within 90 days of filing of the amended petition.
Louisiana Code of Civil Procedure article 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the courts own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Service was not requested within 90 days of filing of the amended petition and the plaintiff failed to show good cause why service could not be requested. Therefore, the amended petition must be dismissed. Accordingly, we find that the trial court properly entered a judgment of involuntary dismissal pursuant to La. C.C.P. art. 1672(C).
In addition, Bolner argues that he, individually, has a right to bring the redhibition action. The truck, which is the subject of the redhibition action, is registered and titled in the name of Mudbug Plumbing, Inc., which is a Louisiana corporation. The original petition was filed by Bolner, individually. Only the amended petition, which was not properly served, names Mudbug Plumbing, Inc. as a plaintiff.
A private individual does not have a right of action to sue for damages to property owned by a corporation. deBen v. Bobby Collins Seafood, 00-306 (La.App. 5 Cir. 10/31/00), 772 So.2d 266. Bolner is the sole shareholder of Mudbug Plumbing, Inc., but not the owner of the truck. He, individually, cannot bring a claim in redhibition for the truck owned by the corporation.
Mudbug Plumbing, Inc. is the proper party plaintiff to bring this action. Therefore, we find that the trial court properly dismissed Bolners claims in redhibition for rescission of the sale of the truck.
In accordance with the above reasons, we affirm the trial courts judgment of involuntary dismissal of the original and amended petitions.
AFFIRMED.
GOTHARD, J., dissents.
*1255 GOTHARD, J., dissenting.
The amended petition in this matter does not present new allegations against the defendants, but only adds the plaintiff's corporation as a party. Defendants responded to pleadings that named both these parties, Mr. Bolner, individually, and the entity Mudbug Plumbing, Inc., for one and one-half years after the filing of the amending petition, and filed its exception six days prior to trial in this matter. In my opinion, defendants' response to the pleadings and participation in discovery for this one and one-half year period constitute appearances and participation based on the allegations of both the original and the amended petition. I would find that, by these actions, defendants waived their right to object on the basis of lack of service of process. La. C.C.P. arts. 925, 928.
I also disagree with the finding that Mr. Bolner, individually, has no right of action in this suit. Plaintiff filed this suit seeking remedies as set forth in Title 51, Chapter 27, sections 1941 et seq., of the Revised Statutes, entitled Motor Vehicle Warranties (R.S. 51:1941). This chapter provides remedies to a "consumer" who leases or purchases a vehicle. R.S. 51:1941 definition of "consumer" includes both the purchaser and "... Any other person entitled to enforce the warranty." La. R.S. 51:1941. In this case, the vehicle at issue was used for both business and personal reasons. Mr. Bolner insured the vehicle with both personal liability policy and a commercial liability policy. Bolner was a guarantor on the loan, and was therefore personally liable in the event that the corporation defaulted. I believe that Bolner qualifies as a consumer, and is entitled to maintain an action individually. In accord, wee Schenker v. Bernard Lumber Co., Inc., 474 So.2d 505 (La.App. 4th Cir.1985), writ den. 477 So.2d 710 (La.1985).
I would reverse the decision of the trial court, and remand the matter for further proceedings.