791 So.2d 609 (2001)
CITY OF PINEVILLE
v.
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 3352.
No. 2000-C-1983.
Supreme Court of Louisiana.
June 29, 2001.
Rehearing Denied August 31, 2001.
*610 Jimmy R. Faircloth, Jr., Faircloth & Davidson, Alexandria, Counsel for Applicant.
Daniel E. Broussard, Jr., Alexandria, Counsel for Respondent.
VICTORY, J.[*]
We granted this writ to reconcile two provisions of the Lawrason Act, La. R.S. 33:321, et seq., to determine whether the Mayor of Pineville had the authority to vote on a resolution before the Pineville City Council (the "Council") where two members voted in favor of the resolution, two members voted against the resolution, and one member abstained. After reviewing the record and the applicable law, we reverse the judgment of the court of appeal and hold that under the provisions of the Lawrason Act, the Mayor did not have the authority to vote in that instance.

FACTS AND PROCEDURAL HISTORY
On June 26, 1998, the Council held a special meeting to entertain a resolution to adopt a three-year contract (the "Contract") between the City of Pineville and the American Federation of State, County and Municipal Employees, Local 3352 ("AFSCME Local 3352").[1] The Council is *611 composed of five members, all of whom were present at the meeting.
Following debate on the resolution, two aldermen voted to adopt the Contract, two aldermen voted against the adoption of the Contract, and Alderman George Hearn abstained. Mayor Fred Baden declared the vote a tie and issued the deciding vote in favor of the resolution adopting the Contract. Four days later, Mayor Baden and three of the aldermen left office and were replaced with newly elected officials. At a special meeting on July 21, 1998, the new Council voted three-to-two to rescind the resolution authorizing the Contract and to approve a resolution directing the city attorney to petition the court to set aside and vacate the Contract.
On August 13, 1999, the trial court entered judgment in favor of the City and against the AFSCME Local 3352 on a Petition for Declaratory Judgment voiding the Contract. The trial court held that the vote on the resolution authorizing the City to enter into the Contract did not conform to the requirements of La. R.S. 33:406(A)(2), which provides:
(2) Any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective.
The trial court held that there was a conflict between La. R.S. 33:406(A)(2) and La. R.S. 33:405(A)(1), which provides that "[t]he mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote." The trial court held La. R.S. 33:405(A)(1) is general in nature and applies to voting on all matters including those pertaining to ordinances, resolutions, and simple motions, and that La. R.S. 33:406(A)(1)[2] and (2) are more specific and apply only to voting on ordinances and resolutions. Therefore, the trial court held that the more specific law applied. Accordingly, the trial court found that because La. R.S. 33:406(A)(2) requires an affirmative vote of a majority of the board members present at the meeting to pass resolutions and there were five members present and only two voted in favor of the resolution, the resolution failed because it did not receive the affirmative vote of three board members as required by La. R.S. 33:406(A)(2).
The court of appeal reversed, finding that under La. R.S. 33:405(A)(1), the former mayor had the right to cast the deciding vote because there was an equal division. City of Pineville v. American Federation of State, County and Mun. Employees, AFL-CIO, Local 3352, 99-1644 (La.App. 3 Cir. 4/12/00), 761 So.2d 47. We granted the City's writ to determine the proper interpretation of La. R.S. 33:405(A)(1) and La. R.S. 33:406(A)(2). City of Pineville v. American Federation of State, County and Mun. Employees, AFL-CIO, Local 3352, 00-1983 (La.11/8/00), 773 So.2d 151.

DISCUSSION
The City of Pineville is a Lawrason Act municipality and as such is subject to the *612 requirements of La. R.S. 33:321, et seq. The governmental structure is set out in La. R.S. 33:362 which provides that "[t]he legislative powers of a municipality shall be vested in and exercised by the board of aldermen" and that "[t]he mayor shall be the chief executive officer of the municipality." La. R.S. 33:362(A)(1) and (B).
As stated above, La. R.S. 33:405(A)(1) and La. R.S. 33:406(A)(2) pertain to the issue of voting on matters before the Council. La. R.S. 33:405(A)(1) gives the mayor the right to vote on Council matters "in case there is an equal division." However, the statute is unclear as to which matters the mayor may vote, nor does it specify whether it applies when there is an "equal division" of the members of the entire council, the members present, or the members voting on a particular matter. La. R.S. 33:406(A)(2) is very specific in that it applies only to resolutions and requires that all resolutions be approved by an "affirmative vote of a majority of the members of the board present at a meeting."
In determining the correct interpretation of these statutes, we must apply the following rules of statutory construction:
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. C.C. art. 9; Cat's Meow [Inc. v. City of New Orleans Through Dept. of Fin., 98-0601, (La.10/20/98), 720 So.2d 1186, 1198].
The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. Stogner [v. Stogner, 98-3044 (La.7/7/99) 739 So.2d 762.] The statute must therefore be applied ad interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. Rodriguez v. Louisiana Med. Mut. Ins. Co., 618 So.2d 390 (La.1993). This is because the rules of statutory construction require that the general intent and purpose of the legislature in enacting the law must, if possible, be given effect. Radiofone, Inc. v. City of New Orleans, 93-0962 (La.1/14/94), 630 So.2d 694; Backhus v. Transit Cas. Co., 549 So.2d 283 (La. 1989); Truscon Steel Co. v. B. & T. Const. Co., 170 La. 1083, 129 So. 644 (1930). Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. First Nat'l Bank of Boston v. Beckwith Mach. Co., 94-2065 (La.2/20/95), 650 So.2d 1148; Matter of Am. Waste and Pollution Control Co., 93-3163 (La.9/15/94), 642 So.2d 1258; CHF Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534 (1961). It is presumed that the intention of the legislative branch is to achieve a consistent body of law. Stogner, supra.

In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, 1128-29. In addition, as stated by the trial court, rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Le-Breton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226.
The interpretation of these statutes adopted by the court of appeal is that the *613 mayor can vote on any matter, including resolutions, whenever there is a tie vote among the members voting, as long as there are enough members present for a quorum, even if one or more members abstain. We reject the court of appeal's interpretation of these statutes. Not only is it unsupported by the attorney general opinions and cases cited therein[3], it ignores the plain language of La. R.S. 33:406(A), which explicitly requires an affirmative vote of the majority of board members present, not an affirmative vote of the board members voting.
We hold that the proper interpretation of these statutes is that the mayor can only vote on resolutions if there is an equal division of board members present, i.e., four members are present and the vote is two-to-two. While La. R.S. 33:405(A)(1) gives the mayor the power to cast the deciding vote when the board is equally divided, La. R.S. 33:406(A)(2), the more specific statute setting out the number of votes required to pass a resolution, clearly indicates that whether there is an equal division must be determined by looking to the number of board members present, rather than the number of board members voting. Here, the mayor could not vote on this resolution because there were five members present, even though one abstained. In short, the abstention in this instance had the same effect as a "no" vote. Because all five members were present and there were only two votes in favor of the resolution, there was not "an affirmative vote of a majority of the members of the board present" as required by La. R.S. 33:406(A)(2). Had only four members of the board been present and two voted in favor of the resolution and two voted against it, the mayor could have cast the deciding vote on the resolution.

CONCLUSION
In a Lawrason Act municipality, the mayor may vote on a resolution when there is an equal division of votes among the members of the board who are present, provided of course that there is a quorum. In this case, where there were five members present, and the vote was two in favor and two against with one member abstaining, the mayor had no authority to cast the deciding vote under La. R.S. 33:405(A)(1) and La. R.S. 33:406(A)(2.)[4] There was not an "equal division" among those present at the board meeting, and the resolution did not receive the affirmative vote of those board members present at the meeting.

DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed and the trial court judgment is reinstated.
REVERSED.
NOTES
[*] Justice Harry T. Lemmon, retired, participated in the decision in this case which was argued prior to his retirement.
[1] The Contract contained a provision that:

An employee shall be granted a minimum 3% pay increase on his/her anniversary date if and only after funds have been appropriated by the City Council sufficient to provide pay raises and said funds have been included within the budget Ordinance for that current fiscal year. If funds (re-occurring revenues, not affecting the operations of the City) are not available, the Employer shall furnish to the Union a written statement stating same. Upon receipt of such letter, the Budget Committee for the City of Pineville shall make themselves available for the purpose of meeting with the Union and explaining why funds are not available.
[2] La. R.S. 33:406(A)(1) applies to voting on ordinances and provides:

Any law enacted by a board of aldermen shall be by ordinance. The style of all ordinances shall be: "Be it ordained by the board of aldermen of the City (or Town or Village, as the case may be) of ..." No ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
Our ruling today does not address whether or not a mayor in a Lawrason Act municipality may vote on an ordinance under La. R.S. 33:406(A)(1) when there is an equal division of votes among board members as that issue is not before us.
[3] See La. Atty. Gen. Op. No. 97-249 (opining that if a member abstains and the remaining members are equally divided, the mayor must give the deciding vote under La. R.S. 33:405(A)(1), but giving no indication that this opinion applied to voting on ordinances or resolutions, or merely general matters before the board); La. Atty. Gen. Op. No. 92-49 (opining that when a member abstains, a majority of votes cast is sufficient to transact business of the board, but not specifically dealing with the mayor's authority to vote on resolutions and ordinances when a board member abstains).
[4] Because of our holding today, we need not reach the applicant's other assignments of error, i.e., that the court of appeal erroneously held that the Contract did not require approval by ordinance under La. R.S. 33:406(A)(3), and that the court of appeal erred by declaring the resolution valid despite a fatal breach of parliamentary procedure.