Dear Mayor Goldsby:
Having reviewed your recent correspondence, we understand your questions to be as follows:
 1. Is the Town of Amite legally obligated to pay an Amite police officer compensation for the time the officer was on leave without pay, pending his trial on felony criminal charges?
 2. What is the difference between a resolution and a simple motion of the board of aldermen and which section of law is applicable when there is a tie vote?
In response to your first question, because the officer was acquitted of all charges, the town of Amite is obligated to pay those legal expenses arising from state charges for which he was acquitted. R.S.42:1442 is applicable to your inquiry and provides:
 § 1442. Law enforcement officers accused of crimes committed while acting within or in furtherance of their scope and course of employment.
 A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
 B. In a case of dismissal of prosecution, the officer may agree with the employer prior to the dismissal to waive any or all of his rights under this Section if the prosecution is dismissed. If an officer enters into a waiver agreement, it shall not be used as evidence of anything except as evidence of itself in a proceeding by the officer against this employer on matters affected by the waiver.
 C. No law enforcement officer, unclassified or otherwise, shall lose any seniority, back pay, or other benefits within the authority of his employer to grant or withhold on account of institution of prosecution for a crime allegedly committed within the performance or in furtherance of the course and scope of his employment without an independent hearing or other established procedural step by the employer to meet fair due process standards.
 D. Nothing herein shall prohibit an employer from suspending an employee pending a final resolution of an instituted prosecution.
 E. Notwithstanding any other provision herein, the payments authorized by this Section shall be made only if the law enforcement officer has not violated any other rights or privileges secured by the state or federal constitution. The rights of such law enforcement officer shall not be construed as greater than those of an ordinary citizen.
While R.S. 42:1442 requires the payment of attorney's fees for law enforcement officers who are acquitted of criminal offenses committed in good faith in the course and scope of their employment, our research reflects no law requiring the payment of back wages. In Attorney General Opinion 00-188, this office determined no law requires the reimbursement of back wages to a non-civil service correctional officer of a sheriff's office, who was terminated subsequent to criminal charges being filed against him. This determination was made despite the fact that prosecution was dismissed by the district attorney.
Similarly, in Attorney General Opinion 01-221, this office determined that the law does not require reimbursement for back pay for an executive director of a state commission who was wrongly dismissed. However, the author of Opinion 01-221 determined that back pay may be voluntarily paid by the governing authority. The author of Attorney General Opinion 01-221 concluded that such payments may be considered earned compensation and thus are not violative of the constitutional prohibition against the donation of public funds.
In response to your second question concerning parliamentary procedure in a Lawrason Act municipality such as Amite, note that R.S. 33:405(A)(1) gives the mayor the power to cast the deciding vote when the membersvoting on a particular matter are equally divided. This statute pertains to simple motions. This statute provides that "the mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote."
As you are already aware, the court in City of Pineville vs. AmericanFederation of State, et al., 2001 WL 743020 (La. 6/29/01) has determined that R.S. 33:406(A)(2) is applicable to resolutions and ordinances. This statute provides that "no ordinance shall be adopted except by the affirmative vote of a majority of the members of the board" and further provides that "a resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting." Interpreting R.S. 33:406, the court in City of Pineville determined that the mayor "can only vote on resolutions if there is an equal division of board members present." See City of Pineville, supra.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams