|«.WHIPPLE, J.
Appellant, Alysha Black, appeals from a trial court judgment, denying her request for an order requiring the Louisiana School Employees’ Retirement System (LSERS) to release to her the retirement funds on deposit for the account of Sean *210 Black, which she sought in payment of child support arrearages. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Sean and Alysha Black were divorced by judgment dated March 23, 2000. Pursuant to that judgment, Alysha was named domiciliary parent of the couple’s three minor children, and Sean was ordered to pay child support in the amount of $1,200.00 per month. Subsequently, however, Sean became significantly delinquent in his child support payments.
In an attempt to partially satisfy the delinquency of $20,400.00, Sean entered into a consent judgment with Alysha, whereby he acknowledged the delinquency and “agreed to assign all of his rights, title and interest in and to his State Retirement Fund with the St. Tammany Parish School Board” to Alysha. Sean further agreed “to waive any and all exemptions from seizure for said fund and authorize[d] the Parish of St. Tammany and/or the State of Louisiana and any other party or entity in control of said Retirement Fund, to pay the fund over in its entirety” to Alysha.
Thereafter, Alysha filed a rule to show cause in this child support proceeding, requesting that the State of Louisiana, through LSERS, be ordered to show cause why the retirement funds on deposit in Sean’s name should not be released to her to satisfy Sean’s child support delinquency. LSERS answered the rule to show cause, contending that because Sean was still an active member of LSERS, he was not presently entitled to a benefit or refund from LSERS and, thus, there was nothing that could be seized at |3this time. LSERS maintained that when funds became due and payable to Sean, the consent judgment would be honored.
Following a hearing on the matter, the trial court denied Alysha’s request for a court-ordered immediate release of funds, concluding that because Sean was not entitled to benefits, he could not transfer to Alysha rights greater than those which he currently possessed. From this judgment, Alysha appeals, contending that the trial court erred in: (1) faffing to order that the funds on deposit with the retirement system be paid to Alysha, as child support obligee; (2) faffing to acknowledge that Sean, child support obligor, had the right to transfer his right, title and interest in his retirement fund to Alysha; and (3) failing to acknowledge that Sean has the right to waive any exemptions from seizure or any other impediments to the transfer of his retirement fund to Alysha.
DISCUSSION
The parties to the rule before us do not dispute the facts relevant to the issue presented. Specifically, the parties do not dispute that Sean is currently an active member of LSERS and, accordingly, is not entitled to a retirement benefit or to reimbursement of his contributions to LSERS at present. Thus, the issue before us is strictly a legal one, i.e., whether or not LSERS is obligated by the consent judgment entered into by Sean and Aysha to release the retirement funds held on deposit in Sean’s name when Sean is still currently an active member of LSERS and, thus, is not entitled to seek benefits or reimbursement of contributions himself at this time.
Aysha contends on appeal that the retirement fund at issue belongs to Sean, the child support debtor, and, as such, he has the right to transfer his right, title and interest in the fund to her in payment of child support arrearages. LSERS does not dispute that Aysha has a valid claim against |4Sean’s retirement funds when *211 the funds become due and payable to Sean. Rather, it simply contends that because Sean is not currently eligible for benefits or refund of contributions, there are no payments due that may be remitted to Alysha at this time.
LSERS is a retirement system established to provide retirement allowances for school bus drivers, school janitors, school custodians, school maintenance employees and other school employees. LSA-R.S. 11:1001(A). Membership in LSERS is compulsory for all who become employees on or after August 1, 1962. LSA-R.S. 11:1116. A member of LSERS may become eligible for benefits upon attaining various ages if he has the requisite -'years of service corresponding with each retirement age. See LSA-R.S. 11:1141. Additionally, a member with five years of actual credited service may become eligible for disability retirement if the member becomes mentally or physically incapacitated for the further performance of his duties. LSA-R.S. 11:1147(B)(3)..
Regarding payment of LSERS retirement funds for a child support obligation, LSA-R.S. 11:292 provides that “any retirement allowance or benefit paid to any retiree under the provisions of any public retirement system shall be subject to garnishment or court-ordered assignment to pay child support.” (Emphasis added). A “retirement allowance” is a benefit payable to a LSERS member when he retires, and it is comprised of the sum of an annuity, which is the payment derived from the accumulated contributions of a member, and of a pension, which is the payment derived from money provided by the state or employing agency. LSA-R.S. 11:1002(4), (21), (24) & (25).
Thus, pursuant to LSA-R.S. 11:292, the benefit paid that can be subject to garnishment or assignment to pay child support is the benefit paid | sto a retiree. This statute makes no provision for release of employee contributions of an active member of a state retirement plan, who is not currently entitled to receive a benefit, in payment of a child support obligation.
With regard to withdrawal or refund of a member’s contributions prior to retirement, LSA-R.S. 11:1148(A) provides, in pertinent part:
Should a member cease to be an employee except by death or retirement under the provisions of this Chapter, he shall be paid, subject to the provisions of Subsection B hereof, such part of the amount of the accumulated contributions standing to the credit of his account in the annuity savings funds as he shall demand. No application for payment or refund of contributions by any person who has withdrawn from active service shall be certified by the employer until ninety days after resignation or termination,- and no payment shall be made until ninety days after the effective date of termination or resignation.
Thus, while LSERS may release a member’s contributions to him prior to the member attaining retirement status, LSA-R.S. 11:1148(A) specifically provides that no payment shall be made until ninety days after the member has resigned from employment or his employment terminated. There is no statutory provision authorizing LSERS to release a member’s contributions to him or on his behalf while he is still in active service and an active member of LSERS.
Nonetheless, in support of her contention that the trial court erred in failing to order LSERS to release the funds it holds in Sean’s name; Alysha argues that this court must also look to the provisions of LSA-R.S. 13:3881(D)(1), which is found in Title 13, Courts and Judicial Procedure, Chapter 18, Seizures in General. This statute provides as follows:
Except as provided in Paragraph 2 of this Subsection, the following shall be *212 exempt from all liability for any debt except alimony and child support: all pensions, all tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts, as defined in Paragraph 3 of this Subsection.
| fiLSA-R.S. 13:3881(D)(1) (emphasis added). Alysha arg-ues that the use of the word “and” indicates that the Legislature intended both the corpus of the fund and any proceeds from the fund to be subject to seizure in satisfaction of an alimony or child support obligation.[1]
However, we note that LSA-R.S. 11:1003, located in Chapter 3 of Title 11 of the Revised Statutes, which title specifically addresses Consolidated Public Retirement Systems, provides:
The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this Chapter, and the moneys in the various funds created by this Chapter are exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in R.S. 11:292, and shall be unassignable except as otherwise specifically provided in this Chapter. (Emphasis added).
As stated above, LSA-R.S. 11:292 authorizes garnishment or assignment of only a “retirement allowance or benefit paid,” neither of which is due while an employee is still in active service and an active member of LSERS. See LSA-R.S. 11:1002(25); LSA-R.S. 11:1141; LSA-R.S. 11:1147; LSA-R.S. 11:1148. Because LSA-R.S. 11:292 is the statute specifically directed to the matter at issue, ie., assignment of a right or interest in a LSERS retirement fund, it must prevail. City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352, 2000-1983, p. 4 (La.6/29/01), 791 So.2d 609, 612.
In further support of her argument, Alysha relies upon LSA-R.S. 11:291, which governs recognition of a community interest of a spouse in and division of “a benefit or a return of employee benefits” in a state |7retirement system. Alysha contends that if, pursuant to LSA-R.S. 11:291, any benefit or return of employee contributions shall be subject to the authority of the court in a partition of assets, a child support obligor should likewise have the same right to transfer any interest he may have in a state retirement fund to satisfy his child support obligation. However, we note that Subsection G of LSA-R.S. 11:291 specifically provides that “[a] state or statewide retirement system shall not pay any funds to any persons until such funds normally become payable as provided by the laws governing the retirement system.” (Emphasis added). Thus, while a spouse’s retirement funds may be subject to a court order in a community property partition, those funds are not payable to any person until the right to such a payment (either a benefit or refund of contributions) statutorily becomes due.
Finally, Alysha avers that the trial court should have recognized Sean’s right to waive any exemptions or other impediments to the transfer of the funds to Alysha. However, while Sean can authorize LSERS to release his retirement funds to Alysha, he cannot require LSERS to pay over these funds where LSERS is not authorized by statute to release the funds.
*213 Additionally, while Alysha contends in her second assignment of error that the trial court erred in failing to acknowledge that Sean had a right to transfer his right, title and interest in his retirement fund to Alysha, we note that the trial court did not make any such determination. In fact, the trial court did not question the validity of the consent judgment entered into by the parties, wherein Sean transferred his interest in his LSERS retirement account to Alysha. Rather, the trial court merely concluded that Sean does not currently possess the right to a benefit that would be subject to the ^consent judgment. As acknowledged by LSERS, when a benefit or return of contributions becomes due, the parties’ consent judgment would dictate that those monies would then be payable to Alysha in satisfaction of Sean’s child support arrearages.
CONCLUSION
For the above and foregoing reasons, the May 29, 2002 judgment of the trial court is affirmed. Costs of this appeal are assessed against Alysha Black.
AFFIRMED.

. Alysha similarly relies upon LSA-R.S. 20:33, which provides that all pensions and all proceeds of and payments under annuity policies and plans are exempt from liability for any debt except alimony or child support.