STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-789


WANDA G. BURNEY

VERSUS

EUNICE POLICE DEPARTMENT


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT # 4
PARISH OF LAFAYETTE, NO. 07-00195
SHARON MORROW, WORKERS' COMPENSATION JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.


AFFIRMED.



Christopher R. Philipp
Attorney at Law
P. O. Box 2369
Lafayette, LA 70502-2369
Counsel for Defendant/Appellant:
        Eunice Police Department

Harry K. Burdette
The Glenn Armentor Law Corp.
300 Stewart St.
Lafayette, LA 70501
Counsel for Plaintiff/Appellee:
        Wanda G. Burney

**PICKETT, Judge.**

The defendant, the Eunice Police Department, appeals a judgment of the Office of Workers' Compensation (OWC) in favor of the claimant, Wanda G. Bruney, granting the claimant's motion for summary judgment and ordering that, for the purpose of determining her weekly compensation benefits, her state supplement pay be included in her salary, beginning the date she no longer received the supplement. After, a de novo review, we affirm the ruling of the OWC.

## FACTS

The facts in this case are not in dispute. The claimant injured her right knee on October 13, 2004, in the course and scope of her employment as a police office for the city of Eunice. As a police officer, the claimant received a base salary from the Eunice Police Department and State Supplemental Pay (SSP) pursuant to La.R.S. 33:2218.4. Following her accident, the claimant was disabled and received weekly workers' compensation benefits based upon her base salary from the Eunice Police Department, excluding her SSP from the calculation of her weekly benefit as per La. R. S. 23: 1021(12)(E). She also continued to receive her SSP. On November 30, 2005, the state terminated her SSP. Thereafter, she filed the motion for summary judgment which forms the basis for this appeal. In that motion she sought to have the amount of her SSP included in the calculation of her weekly benefit beginning the date the SSP terminated.

Louisiana Revised Statutes 23:1021(12)(E)(emphasis ours) provides the following: "For municipal police officers, additional compensation paid by the state pursuant to R.S. 33:2218.4 shall not be included in the calculation and computation of total salary or average weekly wage *to the extent such officer continues to receive*

1

*such additional compensation during the period of his disability.*" The claimant

argues that once the state discontinued her SSP, that amount should have then been

added to her base salary and her weekly benefit recalculated.

The Eunice Police Department contends that the claimant's argument is without

merit, relying on La.R.S. 33:2218.4(D) (emphasis ours) which states:

> The additional compensation paid by the state to municipal police
> officers as herein provided shall be included in the calculation and
> computation of the total wages paid to the municipal police officer in the
> determination of employer contributions to any retirement system or
> pension fund of which the police officer may be a member as well as in
> the determination of retirement eligibility and benefits which may accrue
> to the police officer under any retirement system or pension fund, as
> well as in the determination of any other employee benefits, sick leave,
> or disability pay to which the police officer might be entitled *with the
> exception of workers' compensation benefits pursuant to R.S. 23:1021
> et seq.*

The Workers' Compensation Judge (WCJ) found in favor of the claimant. We

agree with the WCJ.

## LAW AND DISCUSSION

The proper standard of review in cases such as the one before us is well settled;

in *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-582, pp.

9-10 (La. 11/29/06), 943 So.2d 1037, 1045 (citations omitted in original)(footnote

omitted) our supreme court reviewed that standard of review:

> When we are called upon to review legislative provisions, this Court
> follows certain guidelines, as we did in *Louisiana Municipal
> Association v. State*, 04-0227 (La.1/19/05); 893 So.2d 809. In
> *Louisiana Municipal Association*, this Court recognized:
>
> > Questions of law, such as the proper interpretation of a
> > statute, are reviewed by this court under the *de novo*
> > standard of review. After our review, we "render judgment
> > on the record, without deference to the legal conclusions of
> > the tribunals below. This court is the ultimate arbiter of the
> > meaning of the laws of this state."

2

> "Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature's intent." The interpretation of a statute starts with the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.

> The laws of statutory construction require that laws on the same subject matter must be interpreted in reference to each other. The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter. "Under our long-standing rules of statutory construction, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter."

> A statute must be "applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the Legislature had in enacting it." In addition, "courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided."

Additionally, one must consider the following: "where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. *LeBreton v. Rabito*, 97-2221 (La.7/8/98), 714 So.2d 1226." *City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352*, 00-1983, p. 4 (La. 6/29/01), 791 So.2d 609, 612.

In attempting to harmonize the two statutes, we note that if one included SSP in the calculation of a claimant's weekly workers' compensation benefit while the claimant was still receiving the SSP, the claimant would benefit from double

recovery, the SSP plus sixty-six and two-thirds percent of the SSP. *See* La.R.S. 23:1221. However, once the state discontinued the SSP, there could be no chance of double recovery. The prevention of double recovery appears to be the purpose of La.R.S. 33:2218.4(D)'s exclusion of SSP from the calculation of workers' compensation benefits. We find such to be the case.

However, when one reads the provisions of La.R.S. 23:1021 (12)(e), one finds that the absolute prohibition mandated by the last portion of La.R.S. 33:2218.4(D) has been tempered by the more specific workers' compensation statute, La.R.S. 23:1021 (12)(e). The prohibition of La.R.S. 33:2218.4(D) is repeated in the beginning of the povision: "For municipal police officers, additional compensation paid by the state pursuant to R.S. 33:2218.4 shall not be included in the calculation and computation of total salary or average weekly wage . . . ," however, that prohibition is then limited "*to the extent such officer continues to receive such additional compensation during the period of his disability*."

Reading both statutes together and placing more weight on the more specific workers' compensation statute, we find that if a police officer becomes disabled in the course and scope of his/her employment, SSP should be excluded from the calculation of his/her weekly compensation benefit *during the time the officer continues to receive the SSP*. Once the SSP ceases, the amount of that additional compensation should then be included in computation of total salary or average weekly wage for the calculation of weekly workers' compensation benefits.

Accordingly, for the reasons stated above, the ruling of the WCJ is affirmed. All costs of this appeal are assessed against the appellant, the Eunice Police Department.

**AFFIRMED.**