Dear Mr. Caldwell:
You have requested an opinion of the Attorney General as to whether fees collected pursuant to La.R.S. 33:1704 should be paid into the general fund of the City of Shreveport or separated out and paid directly to the city marshal. You cite to two statutes for our consideration, specifically, La.R.S. 33:1704 and La.R.S. 13:2007.
La.R.S. 33:1704 sets forth a fee and costs schedule, detailing the amounts that constables and marshals are entitled to receive for various services performed in connection with civil matters, whereas La.R.S. 13:2007 discusses disposition of fines, forfeitures, costs and penalties in city court and provides that:
 A. Fines, forfeitures, costs, and penalties imposed in any criminal prosecution of the city court of Shreveport, and all fees collected in civil matters shall be paid into the general fund of the city of Shreveport.
 B. After deducting or allocating any amounts due pursuant to R.S. 13:1911, costs of court in civil proceedings as established by the judges of the City Court of Shreveport, sitting en banc, shall be paid into the general fund of the city of Shreveport.
(Emphasis added.) *Page 2 
In determining the correct interpretation of these statutes, the following rules of statutory construction apply:
 When a law is clear and ambiguous its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent.[1]
The meaning and intent of a law is determined by considering the law in its entirety and all other laws of the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it.[2] Statutes are to be interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in its passage.[3]
While La.Civ. Code art. 13 requires that laws on the same subject matter must be interpreted in reference to each other, a fundamental principle of statutory construction is that a statute that is more specific must prevail over a general statute on the same subject matter.[4]
 Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter must prevail. . . .[5]
In the present case, La.R.S. 13:2007 cannot be interpreted in isolation, and it must be reconciled with the other specific, contrary provisions, particularly, La.R.S. 33:1704.
Thus, the City Court of Shreveport must deduct or allocate the statutory portion of fees collected pursuant to La.R.S. 33:1704 directly to the marshals before depositing other civil fees into the general fund.
This determination is distinguishable from La. Atty. Gen. Op. 99-386, wherein this office opined that La.R.S. 13:2007 did not allow the Shreveport City Court to designate a portion of its civil costs to a pro bono fund and, further, all fees collected were required to go into the city's general fund. In making this determination, this office noted that no other provision of law existed to provide *Page 3 
the authority to allocate a portion of the costs for such a purpose.[6] In this case, there is another provision of law providing the authority and specific statutory requirement for fees and costs owed the constables and marshals.
In conclusion, La.R.S. 33:1704 sets forth a fee and costs schedule detailing the amounts that constables and marshals are entitled to receive for various services performed in conjunction with civil matters. When civil fees are collected pursuant to La.R.S. 33:1704, these civil fees should be deducted or allocated to the city marshals before the remainder of the civil fees become part of the general fund for the city of Shreveport.
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Angelique Duhon Freel Assistant Attorney General
 JDC:ADF
[1] La.Civ. Code art. 9.
[2] Stogner v. Stogner, 98-3044 (La. 7/7/99),739 So.2d 762.
[3] City of Pineville v. American Federation of State, County,and Municipal Employees, AFL-CIO, Local 3352, 2000-1983, (La. 6/29/01), 791 So.2d 609, 612.
[4] Id.
[5] City of Pineville, 791 So.2d at 612.
[6] Notably, since the release of La. Atty. Gen. Op. 99-386, La.R.S. 13:2007 was amended by Acts 2001, No. 1086 § 1. Specifically, Section B. was added to the statute, which provides that after deducting or allocating any amounts due pursuant to La.R.S. 13:1911, i.e., the pro bono project, costs of court in civil proceedings as established by the judges of the City Court of Shreveport, sitting en banc, shall be paid into the general fund of the city of Shreveport. Thus, a specific provision of law now exists to allocate a portion of costs in civil matters to a pro bono fund before depositing these fees into the general fund of the city of Shreveport. As a result, if the same question was asked today as posed by La. Atty. Gen. Op. 99-386, the change in the law will likely yield a different result.