Dear Mr. Banks:
Our office received your request for an opinion concerning the ability of a mayor to vote at a meeting of the mayor and board of aldermen in a Lawrason Act municipality. In particular, your letter asks our office to address when the mayor has the authority to cast a vote to break a tie among the board of aldermen.
Your letter indicates that the opinion request was prompted by a vote by the Mayor of the Town of Ferriday at a meeting of the Mayor and Board of Aldermen ("Board") on June 14, 2011. At such meeting, five aldermen were present. At issue was the amendment of an ordinance previously adopted by the Board on January 27, 2011. Two aldermen voted in favor of amending the ordinance, two voted against, and one alderman abstained. The Mayor cast the tie-breaking vote in the affirmative to amend the ordinance. You have asked whether it was appropriate for the Mayor to cast the tie-breaking vote in this instance.
The Town of Ferriday is governed by the Lawrason Act, La.R.S. 33:321 et seq. Of particular relevance to your inquiry are two provisions contained in such act. La.R.S. 33:405(A)(1) provides that "[t]he mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote. La.R.S. 33:406(A)(1) provides that "[a]ny law enacted by a board of aldermen shall be by ordinance . . . No ordinance shall be adopted except by the affirmative vote of the majority of the board." Consistent with La.R.S. 33:406(A)(1), this office has taken the position that the passage of an ordinance requires a majority vote of the aldermen, and thus, the mayor is unable to cast a tie-breaking vote in enacting an ordinance, since this could *Page 2 
result in the passage of an ordinance with less than a majority. La. Atty. Gen. Op. Nos. 93-441 and 99-184. With respect to when the mayor is required to cast a deciding vote as described by La.R.S. 33:405(A)(1), this office has opined that the mayor must cast a vote to break a tie in the vote for Mayor Pro-Tern, as this vote was not considered an ordinance. La. Atty. Gen. Op. No. 03-0053.
It should also be noted that the fact of whether or not any members abstained from voting is relevant in the analysis of the application of La.R.S. 33:405(A)(1). In City of Pineville v.American Federation of State, County, and MunicipalEmployees, 2000-C-1983 (La. 6/29/01); 791 So.2d 609, the Louisiana Supreme Court considered whether it was proper for the Mayor of Pineville[1] to cast the tie-breaking vote on a resolution where two members voted in favor of the resolution, two members voted against, and one member abstained. The Court held that the Mayor lacked the authority to vote in this instance, as the proper interpretation of La.R.S. 33:405(A)(1) is that "the mayor can only vote on resolutions if there is an equal division of board members present, i.e., four members are present and the vote is two-to-two." Id. at 613. [Emphasis in original]. Despite the fact that there was a tie vote, due to the fact that there were five members present and the tie was a result of an abstention, the Court concluded that it was improper for the Mayor to cast a deciding vote as there was not an equal division of the members. Equal division must be determined by considering the number of board memberspresent, rather than the number of board members voting.Id.
With respect to the particular scenario you presented, you indicate that the vote on June 14, 2011 was a vote to amend an ordinance previously passed by the Board, and there is a question concerning whether or not it would be proper for the Mayor to cast the deciding vote on a tied decision of the Board to amend an ordinance. As provided for by 62 C.J.S. MunicipalCorporations § 366 (2011):
 [i]t is a rule of general application that the power to amend ordinances and bylaws is to be exercised in the same mode as is the power to enact. Accordingly, an ordinance or bylaw cannot be amended by order, resolution, or motion, but only by another ordinance or bylaw enacted with the same formality as the original. [Footnotes omitted].
This principle is cited in Smith v. Town of Cotton Valley,584 So.2d 1199 (La. Ct. App. 2 Cir. 1991), writ denied,589 So.2d 1057 (La. 1991).[2] See also
La. Atty. Gen. Op. No. 93-616, which opines "an ordinance cannot be amended by resolution or motion."
In light of the above, as an amendment to an ordinance must be done with the same formality as the original, it is the opinion of this office that the mayor of a Lawrason Act municipality cannot cast the deciding vote on an amendment to an ordinance, as was done at the Board meeting on June 14, 2011. *Page 3 
In conclusion, in a Lawrason Act municipality, if there is a tie vote by the board of aldermen concerning the adoption or amendment of an ordinance, the mayor cannot cast the tie-breaking vote, as the clear language of La.R.S. 33:406(A)(1) requires the affirmative vote of a majority of the aldermen. If there is a tie vote concerning the adoption of a resolution, and such tie is a result of a member's abstention, the mayor cannot cast the tie-breaking vote, as this is not an equal division of the members present, but rather an equal division of the members voting. However, if there is a tie vote by the board of aldermen in the vote to adopt a resolution, as determined by an equal division of votes by the members present with no abstentions, consistent with the language of La.R.S. 33:405(A)(1), the mayor casts the deciding vote.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] The City of Pineville, like the Town of Ferriday, is a Lawrason Act municipality.
[2] This is cited in the 1991 case as 62 C.J.S. MunicipalCorporations § 434(d)(1), but the language is nearly identical to that in 62 C.J.S. MunicipalCorporations § 366 (2011).