976 So.2d 819 (2008)
Byron THOMAS and Stacy Watler
v.
Sharon LABICHE and State Farm Mutual Automobile Insurance Company.
No. 07-CA-719.
Court of Appeal of Louisiana, Fifth Circuit.
February 19, 2008.
Rehearing Denied March 26, 2008.
Rodney Kelp Littlefield, New Orleans, LA, for Plaintiff/Appellant.
David V. Batt, James J. Young, IV, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
Plaintiffs, Byron Thomas and Stacy Watler, appeal the trial court's judgment dismissing defendant, Sharon Labiche, with prejudice. They argue that the trial court's judgment, rendered as a result of plaintiffs' Motion to Dismiss Without Prejudice under La. C.C.P. art. 1672(C), should have been without prejudice.
The record reveals that an auto accident occurred on or about July 7, 2003, wherein plaintiffs alleged that defendant, Labiche, who was insured by defendant, State Farm Mutual Automobile Insurance Company (State Farm), rear ended them with her vehicle, causing them various personal injuries and damages. They filed suit on February 20, 2004 against Labiche and State Farm. However, Labiche was never *820 served; the address provided by plaintiffs was incorrect. The record fails to show any further attempts at service on Labiche. On March 10, 2004, defendants, State Farm and Labiche, filed an Exception of Insufficiency of Citation, Insufficiency of Service of Process, arguing that the exceptors had not been served in accordance with the Louisiana Code of Civil Procedure in that service had not been personal or domiciliary. The record does not show that this Exception was ever served upon plaintiffs or set for hearing; no judgment was rendered upon it. State Farm, however, answered the Petition for Damages.
The matter went to trial on May 16, 2006. After plaintiff rested, State Farm introduced a "note of evidence" wherein it represented that its insured, defendant Labiche, had never been served; hence, State Farm moved for dismissal of the case against it pursuant to the Louisiana Direct Action statute, LSA-R.S. 22:655(B)(1). State Farm argued that plaintiffs had not, and could not, sustain their burden of proof under that statute to show good cause why they had failed to serve Labiche. The trial court took the matter under advisement, and on June 28, 2006, rendered judgment in favor of State Farm, dismissing plaintiffs' suit against it without prejudice.
State Farm filed a Motion for New Trial, arguing that the dismissal should have been with prejudice under LSA-C.C.P. art. 1672(B), since the plaintiffs had put on their entire case and had rested. After opposition and a hearing, the trial court agreed, granting State Farm's Motion for New Trial and rendering judgment dismissing them from the suit with prejudice on October 31, 2006. Plaintiffs appealed this judgment; however, the appeal was dismissed on grounds of abandonment on March 19, 2007.
Meanwhile, on December 7, 2006, plaintiffs filed a Motion for Dismissal of Sharon Labiche without prejudice under LSA-C.C.P. art. 1672(C), arguing that such dismissal should be made because proper service had not been requested for Labiche under LSA-C.C.P. art. 1201(C). Labiche filed an Opposition to the Motion, arguing that such dismissal should be with prejudice, arguing that even though LSA-C.C.P. art. 1672(C) is silent as to when in the proceedings it should be filed, this section could not apply to allow a "without prejudice" dismissal post-trial. Labiche argued that a post-trial dismissal without prejudice would allow the plaintiffs to file another suit alleging the same facts, and have another trial on the merits on the same issues. Additionally, Labiche urged an Exception of Prescription, arguing that since plaintiffs' suit against State Farm had concluded with State Farm being dismissed with prejudice after trial on the merits without plaintiffs ever serving her (i.e. the failure to prosecute the suit against her, as per LSA-C.C. art. 3464), prescription was not interrupted against her by the filing of the instant lawsuit on February 20, 2004.
Following hearings on both the Motion to Dismiss and the Exception of Prescription, the trial court rendered judgment on April 23, 2007, denying the Motion to Dismiss without prejudice and instead dismissing Labiche with prejudice. Further, defendant's Exception of Prescription was found moot. Plaintiffs have appealed.
On appeal, plaintiffs argue that the language of LSA-C.C.P. art. 672(C) is clear that such a dismissal must be without prejudice, and therefore the trial court clearly erred in rendering the dismissal with prejudice. Defendant argues that LSA-C.C.P. art. 1672(C) clearly applies to a motion filed pre-trial, and moreover, that the legislature could not have intended that article *821 to allow a plaintiff to re-file suit against defendants so situated and get to try their case a second time.
At the time suit was filed, LSA-C.C.P. art. 1672(C) stated:
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. (Emphasis added)
Paragraph C is silent regarding a time frame for the filing of a motion under that section. Plaintiffs rely upon Filson v. Windsor Court Hotel, 04-2893 (La.6/29/05), 907 So.2d 723.
In Filson, the Supreme Court granted writs to decide whether the filing of an answer and discovery requests by a defendant upon whom service was not requested within 90 days of the commencement of the action as required by LSAC.C.P. art. 1201(C) constituted a waiver of that requirement. The Supreme Court held that it did not. In that case, the defendant was actually served, though service was not requested within the 90 days required by LSA-C.C.P. art. 1201(C). Both parties argue the application of this case to determine whether a LSA-C.C.P. 1672(C) motion may be made before or after trial.
In Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576, p. 2 (La.02/0703), 841 So.2d 725, 726 the Louisiana Supreme Court addressed the applicability of LSA-C.C.P. art. 1672 when service was requested on the wrong agent for service of process. The Supreme Court ruled that:
The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant.
This Court has also addressed the applicability of LSA-C.C.P. art. 1672 when service was requested, but not completed. In Yates v. State Farm Mutual Automobile Insurance Company, 04-1028 (La App. 5 Cir. 1/25/05), 894 So.2d 1157, this Court found that a request for service within 90 days met the requirements of LSA-C.C.P. art 1672(C) and therefore, the trial court erred in granting defendant's Motion for Involuntary Dismissal. In that case, the plaintiffs filed their petition via fax, and in submitting the filing fee within the mandatory five (5) days after the fax filing, omitted to pay the service fees. This Court found that the filing of the fax petition and the paying of court costs were sufficient to interfere with the tolling of prescription and that absent clear statutory language requiring the filing of a service fee, the court gave full force and effect to the interruption of prescription by the fax filing.
In this case we do not have to determine whether or not requesting service on a bad address tolls the prescriptive period because the Exception of Prescription was not ruled upon by the Court. However, the language of LSA-C.C.P. art. 1672(C) provides that any dismissal pursuant to that provision will be "without prejudice." We, therefore, find that the trial court erred in granting the dismissal with prejudice pursuant to LSA-C.C.P. art. 1672.[1]
*822 Accordingly, we reverse the trial court's judgment of April 23, 2007, and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] We are not called upon and make no ruling regarding the effect, if any, of the plaintiffs failure to timely serve the defendant, Sharon Labiche, prior to trial and its effect, if any, on LSA-C.C. 3463's application for failure to prosecute suit at trial since plaintiffs Motion to Dismiss was based solely on LSA-C.C.P. art. 1672.