STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


08-1050


WILBERT CURRY, INDIVIDUALLY
PHILLIP CURRY, INDIVIDUALLY
JOWANDA CURRY, INDIVIDUALLY
PHILLIP CURRY AND JOWANDA CURRY
AS NATURAL TUTOR OF THE MINOR
CHILDREN, PHILLIP CURRY, JR. AND
JOSEPH CURRY

VERSUS

JAVELL MCGINNIS, GEICO INSURANCE
COMPANY, TOWN OF JONESVILLE,
MILTON SAVAGE, AND LOUISIANA
MUNICIPAL RISK MANAGEMENT, INC.


************


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 24,234, "B"
HONORABLE LEO BOOTHE, DISTRICT COURT JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**


**Jerry L. Lavespere, Jr.**
**1805 Jackson Street**
**Alexandria, Louisiana 71301**
**(318) 443-9926**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Wilbert Curry, Phillip Curry and Jowanda Curry,**
    **individually and as natural tutor of the minor children,**
    **Phillip Curry, Jr. and Joseph Curry**

**John P. Doggett**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**934 Third Street, Suite 800**
**Post Office Drawer 1791**
**Alexandria, Louisiana 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Wilbert Curry, Phillip Curry and Jowanda Curry,**
**individually and as natural tutor of the minor children,**
**Phillip Curry, Jr. and Joseph Curry**

**Samuel T. Singer**
**Law Office of Samuel T. Singer, PLC**
**6603 Main Street**
**Winnsboro, Louisiana 71295**
**(318) 435-9903**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Town of Jonesville, Milton Savage, and**
**Risk Management, Inc.**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**3112 Jackson Street**
**Post Office Box 1711**
**Alexandria, Louisiana 71309-1711**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS:**
**Geico Indemnity Company, Javell McGinnis,**
**Hillary McGinnis, Jr., and Tangee R. Davis**

**Gregory S. Marsiglia**
**Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.**
**One Shell Square, Suite 3600**
**701 Poydras Street**
**New Orleans, Louisiana 70139**
**(504) 581-2450**
**COUNSEL FOR DEFENDANT/THIRD-PARTY PLAINTIFF:**
**Javell McGinnis**

**Ronald J. Fiorenza**
**Theodore D. Vicknair**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**934 Third Street, Suite 800**
**Post Office Drawer 1791**
**Alexandria, Louisiana 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFF:**
**Ereeca Hill, individually and on**
**behalf of her minor son, Davell Davis**

**GENOVESE, Judge.**

Plaintiffs/Appellants, Wilbert Curry, Phillip Curry and Jowanda Curry,
individually and as natural tutor of the minor children, Phillip Curry, Jr. and Joseph
Curry (hereinafter collectively referred to as "Plaintiffs"), appeal the trial court's
ruling sustaining the peremptory exception of prescription filed by the
Defendants/Appellees, Town of Jonesville and Milton Savage. For the following
reasons, we reverse and remand the case for further proceedings.

## PROCEDURAL HISTORY

On August 23, 2006, Plaintiffs filed a Petition for Damages against Javell
McGinnnis, GEICO Indemnity Company (GEICO),[1] Milton Savage, the Town of
Jonesville (Jonesville), and Risk Management, Inc. (RMI)[2] for an accident which
occurred on August 12, 2006. Plaintiffs' petition provided service information only
for GEICO and RMI. GEICO filed an Answer to Plaintiffs' petition on September
11, 2006; RMI filed an Answer on September 16, 2006; and Javell McGinnis filed an
answer on June 22, 2007.

On August 10, 2007, Plaintiffs filed a Motion and Order for Leave of Court and
a First Amending and Supplemental Petition for Damages. Plaintiffs' amending
petition provided service information for <u>all</u> Defendants. GEICO and Javell
McGinnis filed an Answer to Plaintiffs' amending petition on August 27, 2007.

On September 5, 2007, Jonesville and Officer Savage filed Declinatory and
Peremptory Exceptions. These exceptions asserted that because Plaintiffs had not

---

[1]Plaintiffs' petition erroneously identified GEICO Indemnity Company as GEICO Insurance
Company. For accuracy, we refer to this Defendant by its correct name (GEICO Indemnity
Company) as ascertained from its responsive pleadings.

[2]Plaintiffs' petition erroneously identified Risk Management, Inc. as Louisiana Municipal
Risk Management, Inc. For accuracy, we refer to this Defendant by its correct name (Risk
Management, Inc.) as ascertained from its responsive pleadings.

requested service upon Jonesville and Officer Savage within ninety days of the filing of Plaintiffs' original petition on August 23, 2006, La.R.S. 13:5107 mandated that Plaintiffs' claims against them be dismissed.

A hearing was held on the exceptions filed by Jonesville and Officer Savage on October 29, 2007. The trial court took the matter under advisement and allowed the parties to file post-hearing memoranda. On April 8, 2008, the trial court issued its Reasons for Judgment, sustaining the peremptory exception of prescription filed by Jonesville and Officer Savage. The trial court also ordered the dismissal, with prejudice, of Plaintiffs' claims against these Defendants. A judgment to this effect was signed by the trial court on the same day. Plaintiffs appeal.

## ASSIGNMENT OF ERROR

On appeal, Plaintiffs assert: "The trial court erred in granting the 'Peremptory Exception of Prescription' filed by [D]efendants, [t]he Town of Jonesville and Milton Savage[,] and thereby dismissing with prejudice [P]laintiffs/[A]ppellants' complaint against these governmental [D]efendants."

## STANDARD OF REVIEW

"A dismissal premised upon La.R.S. 13:5107(D)(2) should not be reversed in the absence of manifest error. *Patterson v. Jefferson Davis Parish School Bd.*, [00-580] (La.App. 3 Cir. 12/6/00), 773 So.2d 297." *Taylor v. LSU Med. Ctr.*, 38,944, p. 4 (La.App. 2 Cir. 10/14/04), 892 So.2d So.2d 581, 584, *writ denied*, 05-480 (La. 5/20/05), 902 So.2d 1049.

2

## LAW AND DISCUSSION

Considering the facts in this case, the requirements for service of process and citation upon Jonesville and Officer Savage[3] are found in La.R.S. 13:5107(D)(1):

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

The requisite time period in which service is to be effectuated upon Jonesville and Officer Savage, as well as the penalty for the failure to do so, are set forth in La.R.S. 13:5107(D)(2):

> If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.

Louisiana Code of Civil Procedure 1672(C) provides:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Plaintiffs argue, in brief, that the trial court mis-characterized their "original Petition as containing a 'non-request' for service" because Plaintiffs "provided insufficient service information in the original Petition . . . on [Jonesville and Officer Savage]." Plaintiffs also assert that the trial court erroneously "reasoned that because

---

[3]Officer Savage is a police officer whose alleged actions while in the course and scope of his employment with Jonesville is the basis of Plaintiffs' suit.

[Jonesville and Officer Savage] were initially named in the original Petition, [P]laintiffs could not cure the defect by filing a Supplemental and Amended Petition and requesting service of same, even [though] the Supplemental and Amending Petition and request for service were filed within the prescriptive period[.]" This interpretation, according to Plaintiffs, "acts as a peremptive bar to a subsequent action filed within the one (1) year prescriptive period."

Plaintiffs also contend that the trial court erred by failing to determine "whether [Jonesville and Officer Savage] had waived the objection to insufficient service." According to Plaintiffs, and substantiated by the exhibits accepted into evidence at the hearing on these exceptions, on September 8, 2006, Plaintiffs' counsel received written correspondence from Mr. Ronald A. Reibe, a Casualty Claims Manager for RMI. In his letter, Mr. Reibe declared: "We[, RMI,] are the servicing agent for the Town of Jonesville's liability coverages and have just been forwarded the referenced suit on behalf of your clients." The letter further requested "an informal extension of time to file responsive pleadings to this matter." On September 16, 2006, RMI filed an Answer through its attorney, Samuel T. Singer. At the hearing on these exceptions, Plaintiffs argued that, at all times, they believed the Town of Jonesville had been served with their original petition based on Mr. Singer's representations,[4] the September 8, 2006 letter from Mr. Reibe, and the fact that the Town of Jonesville had no agent for service of process registered with the Louisiana Secretary of State.

Jonesville and RMI counter this allegation, in brief, stating:

Plaintiffs' counsel did not grant the extension; therefore, [RMI] immediately filed its answer on September 15, [sic] 2006. Said answer stated that RMI was not an insurance company against whom a direct cause of action exists. The answer did not include [Jonesville] or

---

[4]Notably, Mr. Singer appears herein as counsel for RMI, Jonesville, and Officer Savage.

4

[Officer Savage] because they had not been served.

Finally, Plaintiffs assert that the trial court clearly erred when it dismissed their claims with prejudice regardless of the fact that Plaintiffs had filed a First Amending and Supplemental Petition for Damages on August 10, 2007. Said amended petition was filed two days before the prescriptive date of Plaintiffs' claims and did properly request service upon Jonesville and Officer Savage.

In its Reasons for Judgment, the trial court declared that it was "particularly impressed with the Supreme Court decision in *Naquin [v.] Titan Indemnity Co.*, [00-1585 (La. 2/21/01), 779 So.2d 704.]" The trial court even quoted numerous "head notes" from *Naquin* in its Reasons for Judgment. While we agree that *Naquin* touches upon the issue in this case, we disagree that it is analogous or controlling.

*Naquin* primarily considered whether La.R.S. 13:5107, a then newly enacted procedural statute, was applicable to an action which arose prior to the statute's effective date; however, the claim was not filed until after its effective date. We find *Naquin* distinguishable on the basis that it did not involve a subsequent petition which was both timely filed and in which a timely request for service of process upon the governmental defendants was properly made.

Citing La.Code Civ.P. art. 1151,[5] the trial court agreed with Plaintiffs' assertion that the First Amending and Supplemental Petition for Damages filed on August 10, 2007 "was timely filed prior to the expiration of the one year liberative prescriptive period." However, the trial court ultimately reasoned that Jonesville and Officer Savage "were 'initially' named in the <u>original</u> Petition, the '90 day request

_____

[5]Louisiana Code of Civil Procedure Article 1151 provides, in pertinent part: "A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 and 934."

5

requirement' began to toll from the filing of the <u>original</u> Petition, not the 'First Amending and Supplemental Petition [for Damages,]' and as such, Plaintiffs' 'service request' was not timely and their cause of action has prescribed." We disagree.

We find *Filson v. Windsor Court Hotel*, 04-2893 (La. 6/29/05), 907 So.2d 723, to be pertinent and much more instructive. In *Filson*, the supreme court examined the requirement in La.R.S. 13:5107(D) to request service within ninety days and distinguished the motion for involuntary dismissal under La.Code of Civ.P. art. 1672 from the declinatory exception of insufficiency of citation or service. The supreme court stated:

> First, an objection to insufficiency of citation or service under La.C.C.P. art. 925 "is properly leveled at the form of the citation" and also "focuses on the person to whom citation is delivered or on the manner in which delivery is made." Maraist, Frank L. and Lemmon, Harry T., *Louisiana Civil Law Treatise*, Vol. 1, § 6.5, p. 108. When a defendant objects to the failure to request service within 90 days, he is not objecting because the service is "insufficient;" rather, it is either non-existent or it is untimely. Where the objection is based on service outside the 90-day time limit of La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) specifically provides that the manner for objecting is by filing a motion for involuntary dismissal. While plaintiffs argue that these statutes conflict and are ambiguous, we disagree. Pursuant to general rules of statutory construction, "where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352*, 00-1983 (La.6/29/01), 791 So.2d 609, 612; *LeBreton v. Rabito*, 97-2221 (La.7/8/98), 714 So.2d 1226. Clearly, even if Article 925's reference to "insufficiency" of citation and service of process could be read generally to apply where service was not timely requested, Articles 1201(C) and 1672(C) are specifically directed to cases where service was not requested within 90 days of the commencement of the action, making a motion for involuntary dismissal under 1672(C), and not a declinatory exception, the proper method for objecting to late service.

*Filson*, 907 So.2d at 726-27.

Thus, pursuant to *Filson*, we find that the trial court erred in dismissing Plaintiffs' action for failure to request service within ninety days because Jonesville and Officer Savage failed to file the requisite motion for involuntary dismissal pursuant to La.Code Civ.P. art. 1672(C).

Further, we find the trial court's dismissal of Plaintiffs' claims "with prejudice" against Jonesville and Officer Savage to be clearly in derogation of the law. Louisiana Revised Statutes 13:5107(D)(2) imposes the penalty of dismissal "without prejudice" of actions where service is not timely requested upon governmental defendants. Thus, the trial court's judgment was legally erroneous in this respect as well.

In the instant case, the Plaintiffs timely filed suit against Jonesville and Officer Savage. Even considering the fact that service was not timely effectuated against Jonesville and Officer Savage, the legal remedy was to pursue an involuntary dismissal without prejudice. This was not done. Instead, the trial court sustained Defendants' peremptory exception of prescription and dismissed Plaintiffs' lawsuit with prejudice. The record clearly states, and the trial court clearly acknowledged, that Plaintiffs' lawsuit and their first supplemental and amending petition, with the legally required request for service of process upon Jonesville and Officer Savage, were timely filed prior to the expiration of the one year liberative prescription period. Therefore, Plaintiffs' lawsuit has not prescribed.

**DECREE**

Accordingly, we find the trial court erred in sustaining the peremptory exception of prescription filed by the Town of Jonesville and Milton Savage and dismissing Plaintiffs' claims under La.R.S. 13:5107(D). We reverse the trial court

judgment and remand the case for further proceedings. Further, we assess all costs of this appeal against the Defendants/Appellees, Town of Jonesville and Milton Savage, in accordance with La.R.S. 13:5112, in the amount of $1,838.75.

**REVERSED AND REMANDED.**