Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,289-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KENNETH ROBINSON AND
YOUAKISHA ROBINSON
PERSONALLY AND ON
BEHALF OF MINOR CHILD,
AMARJAI WHITE

                                        Plaintiffs-Appellants

versus

MOREHOUSE PARISH SCHOOL
BOARD AN INCORPORATED
BODY THROUGH DEBBIE
WILSON, IN HER OFFICIAL
CAPACITY AS PRESIDENT;
AND DAVID GRAY IN HIS
OFFICIAL CAPACITY AS
SUPERINTENDENT;
MOREHOUSE PARISH SCHOOL
BOARD MEMBERS, KAREN
DIEL, LOUIS MELTON, TAB
WILKERSON, RICK HIXON,
VERONICA TAPPIN, AND
ADRIN WILLIAMS; LETHA L.
HECKFORD, IN HER OFFICIAL
CAPACITY AS A MOREHOUSE
ELEMENTARY SCHOOL
TEACHER

                                        Defendants-Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2023-352

Honorable Walter M. Caldwell, IV, Judge

* * * * *

SMITH & NWOKORIE                                Counsel for Appellants
By:  Brian G. Smith

RANKIN, YELDELL & KATZ, APLC                   Counsel for Appellees
By:  Stephen J. Katz


* * * * *

Before PITMAN, COX, and ELLENDER, JJ.

**PITMAN, C. J.**

Plaintiffs-Appellants Kenneth Robinson and Youakisha Robinson, personally and on behalf of their minor child Amarjai White, appeal the district court's granting of an exception of no cause of action filed by Defendant-Appellee David Gray, in his official capacity as superintendent, and of an exception of insufficiency of service of process and a motion for involuntary dismissal filed by Defendants-Appellees Morehouse Parish School Board, an incorporated body, through Debbie Wilson, in her official capacity as president; Morehouse Parish School Board Members Karen Diel, Louis Melton, Tab Wilkerson, Rick Hixon, Veronica Tappin and Adrin Williams; and Letha L. Heckford, in her official capacity as a Morehouse Elementary School teacher. For the following reasons, we affirm.

## FACTS

On September 14, 2023, the Robinsons filed a petition for damages against Defendants. They stated that Heckford was employed as a teacher at Morehouse Elementary School by the Morehouse Parish School Board. They alleged that White, their daughter, was present in Heckford's classroom when Heckford became angry and committed an assault and battery on White. They alleged that White suffered injuries from the attack and that Heckford refused to provide any medical assistance to her. They stated that the school failed to address the incident and injuries, to notify them of the incident or to report the criminal act and that the school district refused to call law enforcement. The Robinsons stated that they and White suffer mental and emotional distress due to the actions of Heckford and the school district. They requested that Defendants be held liable for all

damages, costs of the proceedings and any other relief deemed necessary and proper by the court.

On October 10, 2023, Gray filed exceptions of vagueness and no cause of action. He argued that the petition does not state the date of the alleged incident or the alleged actions of Heckford. He also argued that the petition does not note any specific act or inaction by him and, therefore, that the petition fails to state a cause of action against him.

On February 5, 2024, Defendants, excluding Gray, filed a declinatory exception of insufficiency of service of process and a motion for involuntary dismissal for failure to request service of citation within the time prescribed by La. C.C.P. art. 1201(C). They noted that the last line of the petition states "PLEASE SERVE DAVID GRAY, SUPERINTENDENT," but that Plaintiffs did not request service on any other Defendant nor has any other Defendant been served. They stated that the court record confirms that service of citation was not requested on them within 90 days of the commencement of the action as required by La. C.C.P. art. 1201(C).

A hearing on the exceptions was held on May 14, 2024. The district court then filed a judgment on Gray's exceptions of vagueness and no cause of action. It found that the exception of no cause of action cannot be cured with an amendment, granted the exception of no cause of action, found the exception of vagueness to be moot and dismissed with prejudice the matter as to Gray. It filed a separate judgment in which it sustained the other Defendants' exception of insufficiency of service of process, granted the motion for involuntary dismissal for failure to request service of citation and dismissed without prejudice the matter as to these Defendants.

Plaintiffs appeal.

2

**DISCUSSION**

*No Cause of Action*

Plaintiffs argue that the district court erred in granting Gray's exception of no cause of action. They allege that Gray knew of Heckford's actions but refused to respond.

Defendants argue that the district court properly sustained Gray's exception of no cause of action and dismissed all claims against him with prejudice. They state that Plaintiffs' petition did not allege any act or inaction by Gray. They note that La. R.S. 17:439 provides immunity for school employees from tort actions and that Plaintiffs made no allegations that Gray acted maliciously, willfully or deliberately to cause bodily harm to harass or intimidate White or that his actions were outside the course and scope of his employment.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). An exception of no cause of action is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207. It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id.* Every reasonable interpretation must be

accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Indus. Companies, Inc. v. Durbin*, *supra*.

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, *supra*.

La. R.S. 17:439 states in part:

A. Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

B. As used in this Section, the terms "school employee" means any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers' aides, clerical employees, lunchroom workers, custodial workers, school bus operators, and school bus operators' aides.

C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.

In their petition, Plaintiffs fail to state a cause of action against Gray. There are no well-pleaded facts in the petition to accept as true—it is void of any allegation of actions or inactions by Gray, in his capacity as superintendent, that would entitle Plaintiffs to relief. In fact, Plaintiffs do not mention Gray in any way in their petition except to name him as a

defendant and state that he should be served. Plaintiffs also made no allegations that Gray is not immune from liability pursuant to La. R.S. 17:439(C). Notably, at the hearing on the exceptions, Plaintiffs' counsel stated that they did not have any objection to the trial court's ruling dismissing Gray from the lawsuit.

Accordingly, this assignment of error lacks merit.

*Insufficient Service*

Plaintiffs argue that the district court erred in granting the other Defendants' exception of insufficiency of service of process and motion for involuntary dismissal.

Defendants argue that the district court properly sustained their exception of insufficiency of service of process and granted their motion for involuntary dismissal. They state that only Gray was served with the original petition as Plaintiffs requested that only he be served. They allege that Plaintiffs did not request service on the other Defendants within 90 days of the commencement of the action and that, at the time of filing their appellate brief, Plaintiffs still had not requested service on Defendants.

Service of the citation shall be requested on all named defendants within 90 days of commencement of the action. La. C.C.P. art. 1201(C). If the requirements of La. C.C.P. art. 1201(C) are not followed, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) is the proper procedural vehicle for an aggrieved party to obtain a dismissal of the claims against it. *Filson v. Windsor Ct. Hotel*, 04-2893 (La. 6/29/05), 907 So. 2d 723. La. C.C.P. art. 1672(C) states:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article

1201(C) . . . upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

A trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1274, *writ denied*, 20-00717 (La. 9/29/20), 301 So. 3d 1176. However, when the facts are not disputed and the issue before this court is whether the district court properly interpreted and applied the law, the standard of review for questions of law is simply a review of whether the district court was legally correct or incorrect. *Id.*

In this case, Plaintiffs only requested service of citation on Gray within 90 days of commencement of the action—they did not request service on any other named defendant. At the hearing on the exceptions, Plaintiffs' counsel admitted that the record did not reflect that there was service on any Defendant but Gray. Defendants followed the proper procedure by filing a declinatory exception of insufficiency of service of process and a motion for involuntary dismissal, and the trial court did not err in granting this exception and motion.

Accordingly, this assignment of error lacks merit.

### CONCLUSION

For the foregoing reasons, we affirm the district court's granting of the exception of no cause of action filed by Defendant-Appellee David Gray, in his official capacity as superintendent, and of the exception of insufficiency of service of process and motion for involuntary dismissal filed by Defendants-Appellees Morehouse Parish School Board, an incorporated

6

body, through Debbie Wilson, in her official capacity as president; Morehouse Parish School Board Members Karen Diel, Louis Melton, Tab Wilkerson, Rick Hixon, Veronica Tappin and Adrin Williams; and Letha L. Heckford, in her official capacity as a Morehouse Elementary School teacher. Costs of this appeal are assessed to Plaintiffs-Appellants Kenneth Robinson and Youakisha Robinson, personally and on behalf of their minor child Amarjai White.

**AFFIRMED.**